## (September 21, 1966)

■ In the Matter of EDWIN BAKERMAN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.— In this proceeding to discipline an attorney, in which hearing of the issues had commenced pursuant to the order of this court dated June 27, 1966, the respondent has submitted to this court his written resignation from his office of attorney and counselor at law, dated September 20, 1966. Respondent was admitted to practice by this court on March 28, 1951. The resignation is hereby accepted and respondent's name is directed to be struck from the roll of attorneys, effective October 21, 1966. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of BROOKLYN BAR ASSOCIATION, Petitioner, v. EMIL P. GROSSI, Respondent.— In this proceeding to discipline an attorney, the respondent was admitted to practice on January 29, 1936 by this Appellate Division. He maintains an office at 44 Court Street, Brooklyn, New York. On July 12, 1966 respondent was served with a petition charging that he had (1) made misrepresentations to a client that the client's case was on a court calendar, when in fact is was not; (2) made misrepresentations to a client that he had commenced a matrimonial action on her behalf, when in fact he had not; (3) made misrepresentations to a client that he had filed an application for a liquor store package license on the client's behalf, when in fact he had not; (4) represented the sellers and the purchaser of a house and caused the purchaser to accept a title to which there were numerous objections; and (5) failed to co-operate with the Grievance Committee of the petitioner association in its investigation of complaints against him. Despite several extensions of time, respondent has willfully failed to answer the petition. The charges are sufficient to warrant disbarment and respondent is hereby disbarred. Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.

■ FRANK COMMRADE, Respondent, v. TERESA COMMRADE, Appellant, et al., Defendants.— Motions made on behalf of husband plaintiff-respondent deceased, to dismiss wife defendant-appellant's appeals denied. Since no representative of his estate has been appointed, there is no one who may act for the respondent deceased on the appeals. Cross motion by wife defendant-appellant to vacate judgment and dismiss plaintiff's complaint or to compel plaintiff's representative, etc., to seek appointment of legal representative and substitution and for other relief. Cross motion denied, without prejudice to application by said appellant, if she be so advised, in the Surrogate's Court for the appointment of an administrator of her husband's (the respondent's) estate (see Surrogate's Ct. Act, § 119) and subsequent motion for substitution of the administrator as a party respondent. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.